UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY LEO KRAMER,

    Plaintiff,

    v.

TOM ALLMON, et al.,

    Defendants.

Case No. 15-cv-05451-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate at the Mendocino County Jail, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 claiming that Defendants were deliberately indifferent to his serious medical needs. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that Dr. Medvin has been "ordering others to not give [Plaintiff] care . . . that he is entitled to." Docket No. 1 ("Compl.") at 3. He also alleges that psychologist Johnson has intentionally lied to deny him access to medical care. *Id.* For the reasons set forth below, Plaintiff has failed to state a claim that either Dr. Medvin, psychologist Johnson, or the remaining defendants have been deliberately different to his serious medical needs. This complaint will be DISMISSED with leave to amend.

1. Sheriff Tom Allmon, Ortner Management Group, Mendocino County Jail, and California Forensic Medical Group

The complaint does not make any allegations regarding Sheriff Tom Allmon, Ortner Management Group, the Mendocino County Jail, or the California Forensic Medical Group, much less plead any facts linking these particular defendants to Plaintiff's allegations of wrongdoing. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Sheriff Tom Allmon, Ortner Management Group, the Mendocino County Jail, and

1  California Forensic Medical Group are dismissed from this action but Plaintiff is granted leave to
2  amend his complaint to show what actions were taken, or not taken, by these defendants that
3  caused constitutional violations.  Sweeping conclusory allegations will not suffice; Plaintiff must
4  instead "set forth specific facts as to each individual defendant's deliberate indifference." *Leer*,
5  844 F.2d at 634.

6  Plaintiff is advised that a supervisor is not liable merely because the supervisor is
7  responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th
8  Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by
9  the defendant").  A supervisor may be liable only on a showing of (1) personal involvement in the
10  constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful
11  conduct and the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir.
12  2012); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir.
13  1984) (noting that courts have recognized a cause of action under § 1983 against supervisors under
14  a failure-to-train theory; a failure-to-supervise theory; and under a theory that there was a custom
15  or policy that led to the deprivation of constitutional rights).

16  Plaintiff is also advised California Forensic Medical Group appears to be a private entity.
17  To state a claim under § 1983, a defendant must have acted under color of state law.  Private
18  actors have been found to act under color of state law where they contract with the state to provide
19  a service that the state bears "an affirmative obligation to provide." *West*, 487 U.S. at 55–56
20  (finding private doctor acted under color of state law in providing medical care to inmates under a
21  contract with prison because Eighth Amendment requires prison to provide such care to inmates).
22  If Plaintiff wishes to assert a civil rights claim against California Forensic Medical Group,
23  Plaintiff must specify how California Forensic Medical Group acted under color of state law, i.e.,
24  if California Forensic Medical Group operates as a state contractor.  Similarly, if Dr. Medvin and
25  psychologist Johnson are not state employees, Plaintiff must specify how they were acting under
26  color of state law, i.e., if Dr. Medvin or psychologist Johnson are state contractors employed by
27  either Ortner Management Group or California Forensic Medical Group.
28  Plaintiff is also advised that to impose liability under Section 1983 against a municipal

entity such as Mendocino County Jail for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

### 2. Eighth Amendment Claims

The Eighth Amendment prohibits prison officials from being deliberately indifferent to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059–60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990)). Serious medical needs may include mental health care. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (mentally ill prisoner may establish unconstitutional treatment by showing that officials have been deliberately indifferent to his serious medical needs). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Plaintiff's conclusory allegations that Dr. Medvin and psychologist Johnson violated his Eighth Amendment rights fail to meet the pleading standard set forth in Rule 8. Although Rule 8 does not require detailed factual allegations, a complaint must contain both sufficient factual allegations (i.e., names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Ashcroft v. Iqbal*, 556 U.S.

662, 678–79 (2009) ("a complaint [does not meet the Rule 8 pleading standard] if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citing *Twombly*, 550 U.S. at 557). Plaintiff's Eighth Amendment claims against Dr. Medvin and psychologist Johnson are DISMISSED with leave to amend. If Plaintiff choses to amend these claims, he should identify his serious medical need and describe how Dr. Medvin and psychologist Johnson were deliberately indifferent to this medical need.

The Court notes that Plaintiff has attached various exhibits to his complaint, which appear to be grievances, correspondence regarding his medical needs, and a state court habeas petition. The Court is not required to—and will not—sift through exhibits trying to piece together Plaintiff's possible claims. Plaintiff must include all allegations in his amended complaint and should address the deficiencies identified above.

3. Duplicative Claims

Plaintiff has another case pending in this court, *Kramer v. Medvin, et al.*, 15-3780 HSG ("*Kramer I*"). In *Kramer I*, Plaintiff alleges, *inter alia*, that Dr. Medvin refused to prescribe Plaintiff medication for his seizures and his migraines; refused to authorize an MRI for Plaintiff; directed Nurse Carli to deny Plaintiff aspirin; and refused to provide Plaintiff with medical care. *See* First Amended Complaint at 4–8, *Kramer I* (N.D. Cal. Dec. 23, 2015) (No. 7). Because Plaintiff's allegations against Dr. Medvin in the instant litigation are vague and conclusory, the Court is unclear whether the claims against Dr. Medvin in the instant litigation are duplicative of those alleged in *Kramer I*. Plaintiff is advised that duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within **thirty (30)** days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (15-5451 HSG (PR)) and the words

AMENDED COMPLAINT on the first page.  **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.**  The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.  Plaintiff is advised that because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: 3/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge