UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY LEO KRAMER,

    Plaintiff,

v.

TOM ALLMON, et al.,

    Defendants.

Case No. 15-cv-05451-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate at the Mendocino County Jail, filed this *pro se* action under 42 U.S.C. § 1983. His amended complaint (Docket No. 23) is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons stated below, the amended complaint is dismissed with leave to amend.

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original)
2  (internal quotations and citations omitted).  Although a complaint does not need detailed factual
3  allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his
4  entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the
5  elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to
6  relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
7  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is
8  plausible on its face." *Id.* at 570.
9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
10 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
11 the alleged violation was committed by a person acting under the color of state law.  *West v.*
12 *Atkins*, 487 U.S. 42, 48 (1988).

**B.   Amended Complaint**

14       The Court identified several deficiencies in Plaintiff's initial complaint and therefore
15 dismissed the complaint with leave to amend.  Docket No. 9.  In response to the Court's order of
16 dismissal with leave to amend, Plaintiff filed two amended complaints with the Court.  *See* Docket
17 No. 22 (filed on June 29, 2016) and Docket No. 23 (filed on July 1, 2016).  The amended
18 complaint filed on June 29, 2016 (Docket No. 22) sets forth legal claims regarding Plaintiff's
19 medical treatment and names five defendants.  *See* Docket No. 22-2 at 2 and 3–17.  The amended
20 complaint filed on July 1, 2016 (Docket No. 23) names eight defendants but does not specify any
21 legal claims.  *See* Docket No. 23.  The Court ordered Plaintiff to identify which complaint was
22 intended to serve as the operative amended complaint.  Docket No. 24.  In a letter filed on August
23 1, 2016, Plaintiff informed the Court that Docket No. 23 is the operative amended complaint.
24 Docket No. 25 at 1.
25       In his amended complaint (Docket No. 23), Plaintiff names as defendants Mendocino
26 County Jail Sheriff Tom Allman; Mendocino County Jail RN Robert Hurley; Mendocino County
27 Jail doctor Medvin; medical program manager Claire Teske; Mendocino County Jail; Ortner
28 Management Group; Mark Montgomery, identified as the vice-president of operations at Ortner

1   Management Group; and Tom Ortner, identified as the owner of Ortner Management Group.
2   Docket No. 23 at 2.  The amended complaint does not make any legal claims against these
3   defendants.  The amended complaint does not provide any narrative whatsoever.  The following
4   documents were filed with the amended complaint:  Plaintiff's state court habeas petition that is
5   dated November 1, 2015; an October 21, 2015 inmate request form asking why his grievances
6   have been denied; various inmate grievances complaining that he has been denied medical care;
7   articles regarding mental health services at Mendocino County Jail; a letter previously filed in this
8   action; an order issued in this action; and legal authorities discussing pretrial detainees' right to
9   medical treatment.  Docket No. 23 at 4–44.

10   As the Court explained in its March 1, 2016 Order of Dismissal with Leave to Amend,
11   even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that
12   an individual was personally involved in the deprivation of his civil rights."  *Barren v.*
13   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
14   1988).  Although Rule 8 does not require detailed factual allegations, a complaint must contain
15   both sufficient factual allegations (i.e., names, dates, and facts) and legal conclusions (i.e., specific
16   laws defendants allegedly violated) that create a reasonable inference of liability.  *See Ashcroft v.*
17   *Iqbal*, 556 U.S. 662, 678–79 (2009) ("a complaint [does not meet the Rule 8 pleading standard] if
18   it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citing *Twombly*, 550
19   U.S. at 557).  Because Plaintiff's amended complaint makes no factual or legal allegations
20   whatsoever, the amended complaint will be DISMISSED with leave to amend.

21   If Plaintiff choses to file a second amended complaint, he should describe how each
22   individual defendant violated his civil rights, preferably by describing specific actions taken by
23   each defendant, or specific instances when each defendant failed to take necessary action.
24   Because an amended complaint completely replaces the previous complaints, Plaintiff must
25   include in his second amended complaint all the claims he wishes to present and all of the
26   defendants he wishes to sue.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

27
28

1   The Court will not piece together allegations and exhibits from different filings.[1]

2   Plaintiff is cautioned that exhibits are not a substitute for meeting the pleading requirements of Rule 8. The Court is not required to—and will not—sift through exhibits trying to piece together Plaintiff's possible claims. Moreover, while exhibits are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The attachment of numerous exhibits to a complaint serves only to confuse the record, and slow down the screening and review process. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity to submit evidence at that time.

Plaintiff is further cautioned that duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. Plaintiff has another case pending in this court, *Kramer v. Medvin, et al.*, 15-3780 HSG, wherein he alleges, *inter alia*, that Dr. Medvin refused to prescribe Plaintiff medication for his seizures and his migraines; refused to authorize an MRI for Plaintiff; directed Nurse Carli to deny Plaintiff aspirin; and refused to provide Plaintiff with medical care. Plaintiff should confirm that his claims in the instant action are distinct from his claims in *Kramer I*.

## CONCLUSION

For the foregoing reasons, the amended complaint is dismissed with leave to amend, as

---

[1] The Court notes that in Plaintiff's letter to the Court filed on August 1, 2016 identifying the operative complaint, Plaintiff attached numerous documents to his letter (e.g., inmate grievances, responses to grievances, and correspondence authored by Plaintiff's state court attorney) and requested the Court include these documents with his amended complaint, identified as Docket No. 23. Docket No. 25 at 6–29. Plaintiff also made numerous factual and legal allegations regarding his medical treatment, *id.* at 1–5, that he appears to wish to include in his amended complaint. For example, Plaintiff stated that he wishes to name an additional defendant, that he is suing defendants in their individual and official capacities, and that he seeks compensatory and punitive damages. *Id.* at 1 and 5. The Court will not "include" in an amended complaint allegations and exhibits that are filed separately. As discussed *supra*, Plaintiff must include all his factual and legal allegations in his second amended complaint.

indicated above, within **thirty (30)** days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order (15-5451 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  **Failure to file a proper second amended complaint within the designated time will result in the dismissal of this action.**  The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated:  8/22/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge