UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER,<br>  Plaintiff,<br>  v.<br>TOM ALLMON, et al.,<br>  Defendants. | Case No. 15-cv-05451-HSG<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR STAY; GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>Dkt. No. 30 |

Plaintiff filed this *pro se* action under 42 U.S.C. § 1983 claiming that Defendants were deliberately indifferent to his serious medical needs while he was housed at Mendocino County Jail. On August 22, 2016, the Court dismissed Plaintiff's amended complaint with leave to amend and ordered Plaintiff to file a second amended complaint by September 21, 2016. Docket No. 28. As of this date, Plaintiff has not yet filed a second amended complaint.

On October 11, 2016, Plaintiff filed a letter with the Court,[1] requesting that the Court stay this action until he has the tools necessary to properly prosecute this case. Docket No. 30. Specifically, in a separate letter filed on October 11, 2016,[2] Plaintiff states that he is "out to court from San Quentin State Prison" and currently housed at Napa State Hospital; that all his legal paperwork is in his property at San Quentin State Prison; and that he has been unable to access the law library. Docket No. 31. Plaintiff does not specify how long he would like the instant action stayed; whether he would be able to prosecute his case while at Napa State Hospital if granted access to the law library; or when he is likely to return to San Quentin State Prison.

The Court is reluctant to stay this action indefinitely. Instead, the Court GRANTS Plaintiff

---

[1] This letter is dated October 3, 2016. Docket No. 30.
[2] This letter is dated September 29, 2016. Docket No. 31.

an extension of time to **January 31, 2017** to file his second amended complaint. The second amended complaint must be simple and concise and should address the deficiencies identified in the amended complaint, as set forth in the Court's August 22, 2016 Order of Dismissal with Leave to Amend. The second amended complaint must include the caption and civil case number used in this order (15-5451 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. **Failure to file a proper second amended complaint within the designated time will result in the dismissal of this action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Because Plaintiff has been granted the above extension of time, the Court therefore DENIES Plaintiff's request for a stay without prejudice to re-filing a renewed motion for a limited stay if Plaintiff finds that a stay is still necessary. If Plaintiff files a renewed motion for a stay, Plaintiff should specify why the Court should stay this case rather than grant an extension of time to meet the pending deadlines, and should specify how long the stay should last.

With respect to Plaintiff's allegation that he has been denied access to the law library, the Court certifies that Plaintiff is proceeding *pro per* in federal civil rights proceedings,[3] and requests that officials at the Napa County Jail provide Plaintiff with reasonable access to the tools needed to challenge the conditions of his confinement.

This order terminates Docket No. 30.

**IT IS SO ORDERED.**

Dated: 10/24/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] According to documents filed with Plaintiff's October 11, 2016 letter, on September 7, 2016, Napa County Department of Corrections denied Plaintiff access to the law library on the grounds that Plaintiff was represented by counsel. Docket No. 30 at 5. However, Plaintiff is not represented by counsel in the instant action.

2